In the Matter of FLORENCE E. ALBISTON et al., Petitioners, against VILLAGE OF ALFRED, ALLEGANY COUNTY, et al., Respondents.

Supreme Court, Special Term, Allegany County, August 18, 1952.

*Whiteman & Whiteman* for petitioners.

*John W. Hollis* for respondents.

O'BRIEN, J. Applicants, who are husband and wife, seek permission to file their respective notices of claim for damages against the Village of Alfred, New York, under the provisions of subdivision 5 of section 50-e of the General Municipal Law.

The claim of Florence E. Albiston is for damages for personal injuries alleged to have been sustained on the 23d day of January, 1952, when she fell on the sidewalk on Ford Street in said village.

The claim of John A. Albiston, the husband, is for loss of his wife's services and for the amount expended for her medical and hospital bills. The time to file notice of claim in each case expired April 23, 1952.

The moving papers allege that Florence E. Albiston, forty-nine years of age, fell upon the sidewalk and broke her left wrist and sustained injuries to her left shoulder and back.

She was hospitalized until January 27, 1952, when she returned home. She alleges that she suffered severe pain from her injuries and on or about the 22d day of February, 1952, consulted an orthopedic surgeon at Rochester, N. Y., and was under his care until after April 23, 1952, going to Rochester each week for treatment. Rochester is about seventy-five miles from her residence.

It is alleged that the required legal notice relative to the claim of Mrs. Albiston was not given to the village within the ninety-day period, because she suffered such severe pain from her injuries that she was unable to consult an attorney or transact business.

In respect to the failure to file the required notice of claim on behalf of Mr. Albiston, it is alleged that on or about the 23d day of March, 1952 (which would be within the ninety-day period for filing a notice of claim), he, after consultation with a Justice of the Peace at Alfred, New York, who also was a representative of the insurance company which covered the village, wrote a letter dated March 25, 1952, to said representative, in which he stated that " Mrs. Albiston fell on the evening

of January 23rd on Ford Street, Alfred, N. Y. and broke and injured her wrist and suffered other injuries due to faulty and cracked sidewalk.''

Leave to file a notice of claim after the expiration of the statutory period of ninety days, may only be granted in the discretion of the court under the provisions of section 50-e of the General Municipal Law, where there is a showing that '' the claimant * * * is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim * * * within the time limited therefor ''.

There is no claim in the moving papers that Mr. Albiston was either mentally or physically incapacitated or that the failure to file a legal notice of claim on his behalf within the statutory period was due to his disability. His letter to the insurance company's representative does not constitute a notice of claim in compliance with the requirements of the provisions of section 50-e, and under the facts presented, the court lacks the necessary grounds upon which to exercise its discretion to permit the requested extension of time to file his alleged claim.

The claim of Mrs. Albiston that the failure to serve a legal notice in her case was due to her being mentally or physically incapacitated, is not established.

The opposing affidavits reveal that during the ninety-day period following the accident, she attended certain activities, and affairs therein described and in the early part of April went, via auto to Columbus, Ohio, to visit her daughter whose child had died shortly after its birth on the 31st day of March.

Under the facts, there is no showing that Mrs. Albiston was mentally or physically incapacitated and that failure to make timely service of the required notice of claim in her action was due to such disability. (See *Matter of McEwan* v. *City of New York,* 304 N. Y. 628; *Matter of Freimer* v. *City of New York,* 279 App. Div. 1084, and *Matter of Babinsky* v. *City of New York,* 279 App. Div. 871.)

Applicants' motions are denied, without costs.